1

2

3

4

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

7

8

9

10

JEROME CEASAR ALVERTO,

                Plaintiff,

    v.

BRYAN DWAIN CLINE,

                Defendant.

Case No. C19-5053 RBL-TLF

REPORT AND
RECOMMENDATION

NOTED: August 9, 2019

11

      Plaintiff Jerome Ceasar Alverto proceeds *pro se* and *in forma pauperis* in this civil rights

12

action pursuant to 42 U.S.C. § 1983. Dkt. 7, Amended Complaint. In his Amended Complaint,

13

plaintiff alleges defendant Bryan Dwain Cline, a former law enforcement officer with the Pierce

14

County Sherriff's Department (PCSD), used excessive force against him during the course of

15

plaintiff's arrest. *Id.* at ¶¶ 8-11 and Exhibit 1, ¶¶ 23-26. Plaintiff alleges defendant Cline's

16

actions violated his Fourth, Eighth, and Fourteenth Amendment rights under the United States

17

Constitution, Article I, Section 3 and 14 of the Washington Constitution, and Washington State

18

negligence laws. Dkt. 7, ¶ 22.

19

      This matter comes before the Court on defendant's Motion to Dismiss plaintiff's

20

Amended Complaint for failure to state a claim. Dkt. 12. For the reasons discussed below, the

21

Court should grant defendant's Motion to Dismiss.

22

**FACTUAL AND PROCEDURAL HISTORY**

23

      Plaintiff commenced the instant action on January 17, 2019, alleging numerous claims

24

25

REPORT AND RECOMMENDATION- 1

1  against various defendants including a claim against defendant Cline for excessive use of force

2  during the course of plaintiff's arrest. Dkt. 1. On March 5, 2019, the Court issued an order citing

3  various deficiencies with the other claims in plaintiff's complaint and directing plaintiff to file an

4  amended complaint to cure those deficiencies or show cause why those claims should not be

5  dismissed. Dkt. 6. Plaintiff subsequently filed an Amended Complaint naming defendant Cline

6  as the sole defendant and raising only his claims related to excessive force.[1] Dkt. 7.

7       Plaintiff's Amended Complaint alleges that on May 13, 2006, during the course of

8  plaintiff's arrest, defendant Cline used excessive physical force and racial epithets, pointed a gun

9  to plaintiff's head and threatened to kill him. *Id*. at ¶¶ 9, 11. Plaintiff contends he made a "good

10  faith effort" to report defendant Cline's behavior and claims to have filed a complaint with the

11  Pierce County Prosecutor's Office through the Pierce County Jail reporting system shortly after

12  his arrest in May 2006. *Id*. at Exhibit 1, ¶ 49.

13       Plaintiff contends he delayed filing this claim until now (nearly thirteen years later)

14  because his defense attorney told him that his family's safety could not be guaranteed and

15  "police would target [plaintiff's] family with retaliation if [plaintiff] testified in his own defense;

16  specifically, if he testified against defendant Cline's criminal acts." *Id*. at Amended Complaint, ¶

17  15.

18       Defendant moves to dismiss plaintiff's civil rights claim under 42 U.S.C. § 1983 and

19  Washington State negligence claim and argues the entire amended complaint is barred by the

20

21  [1] The Court notes that plaintiff attaches a declaration as an exhibit to his Amended Complaint in which he also mentions some of the allegations raised in his original complaint, including that defendant Cline transferred blood onto the plaintiff's clothing, conducted an illegal search of the plaintiff's house, and placed evidence linking plaintiff to a crime in his home and vehicle. Dkt. 7, Exhibit 1, ¶¶ 31, 44-48. In the Court's prior order addressing

22  plaintiff's original complaint, plaintiff was informed that if he wished to proceed with these particular claims he must show cause or file an amended complaint demonstrating why these claims should not be dismissed as barred

23  by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 6. Plaintiff did not include these allegations in his Amended Complaint and, as such, the Court will consider these allegations as mentioned in plaintiff's declaration only as background information. Dkt. 7.

24

25

1    statute of limitations. Dkt. 12. Defendant contends that the plaintiff's generalized and conclusory

2    assertions of concern for the safety of his family are insufficient to establish equitable tolling. *Id*.

3    Defendant also moves to dismiss plaintiff's claims under the Washington State Constitution on

4    the grounds that they are not cognizable. *Id*.

5         Plaintiff opposed defendant's motion citing the alleged warning from his defense

6    attorney. Dkt. 14. Plaintiff contends that, based on this warning, he believed police would locate

7    his family and harm them; feared that, as a person of color, police may commit additional acts of

8    violence against him; and determined he had no choice but to refrain from bringing this

9    complaint. Dkt. 14, p. 2.

10        Plaintiff acknowledges that on August 8, 2008, defendant Cline testified he had been

11   placed on administrative leave and noted his doctor determined "he [could not] function in law

12   enforcement anymore" and there was no possibility he could "retain [his] job as a deputy." Dkt.

13   12, Motion to Dismiss, p. 3; Dkt. 14, Plaintiff's Response, p. 4. However, plaintiff contends that

14   defendant Cline's continued employment in law enforcement, notwithstanding Cline's

15   administrative leave, constituted a persistent threat to his family's safety. Dkt. 14, p. 4.

16        Plaintiff also states that he recently discovered that defendant Cline was no longer

17   employed as a law enforcement officer. Dkt. 7, Amended Complaint at ¶ 16, Exhibit 1 at ¶ 57.

18   Plaintiff states that he is bringing this claim now because he believes it is safe to "come forward

19   and report" defendant Cline's conduct. *Id*.

20                              **STANDARD OF REVIEW**

21        The Court may grant a motion to dismiss under Rule 12(b)(6) of the Federal Rules of

22   Civil Procedure only if the complaint, with all factual allegations accepted as true, fails to "raise

23

24

25

1  a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545

2  (2007).

3          To survive a motion to dismiss, a complaint must contain sufficient factual matter,
           accepted as true, to "state a claim to relief that is plausible on its face." A claim
4          has facial plausibility when the plaintiff pleads factual content that allows the
           court to draw the reasonable inference that the defendant is liable for the
5          misconduct alleged. The plausibility standard is not akin to a probability
           requirement, but it asks for more than a sheer possibility that a defendant has
6          acted unlawfully.

7  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

8          The complaint must contain a "short and plain statement of the claim showing that the

9  pleader is entitled to relief." FRCP 8(a)(2). "Specific facts are not necessary; the statement need

10  only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

11  *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the

12  pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."

13  *Iqbal*, 556 U.S. at 678. Although the Court must accept all the allegations in a complaint as true,

14  the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.*

15  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

16  statements, do not suffice." *Id.*

17          To state a claim under 42 U.S.C. § 1983, a complaint must allege: (a) the conduct

18  complained of was committed by a person acting under color of state law, and (b) the conduct

19  deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the

20  United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*,

21  *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an

22  alleged wrong only if both of these elements are present. *See Haygood v. Younger*, 769 F.2d

23  1350, 1354 (9th Cir. 1985).

24

25

REPORT AND RECOMMENDATION- 4

1    A *pro se* complaint must be interpreted liberally. *Sause v. Bauer*, — U.S. —, 138 S. Ct.

2    2561, 2563 (2018). But the Court "may not supply essential elements of the claim that were not

3    initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). A *pro se* complaint may be

4    dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

5    claim which would entitle him to relief." *Mangiaracina v. Penzone,* 849 F.3d 1191, 1195 (9th

6    Cir. 2017).

7    Generally, district courts may not consider material outside the pleadings when assessing

8    the sufficiency of a complaint under Rule 12(b)(6). *Khoja v. Orexigen Therapeutics, Inc.*, 899

9    F.3d 988, 998 (9th Cir. 2018) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.

10    2001)). When matters outside the pleadings are presented and not excluded by the court, the

11    motion should be treated as a motion for summary judgment governed by Rule 56. Fed. R. Civ.

12    P. 12(b).

13    However, a motion to dismiss need not be converted to a motion for summary judgment

14    when matters outside the pleadings are introduced if the court does not rely on the outside

15    material in reaching its decision. *Keams v. Tempe Technical Inst*., 110 F.3d 44, 46 (9th Cir.

16    1997); *see Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, n.1 (9th Cir. 2004) (district court

17    did not rely on evidence outside the scope of the pleadings in dismissing the complaint and

18    therefore the Court disregards those materials and treats the district court order as a judgment on

19    the pleadings); *Velasquez v. Arizona Charlie, Inc*., 56 F. App'x 347, 348 (9th Cir. 2004) (mem.)

20    ("Because the district court did not rely on materials outside the pleadings in ruling on the

21    motion to dismiss, the district court did not abuse its discretion by not converting the Rule

22    12(b)(6) motion into a motion for summary judgment.").

23

24

25

1    Rule 12(b)(6) specifically gives courts the discretion to accept and consider extrinsic

2  materials and to convert the motion to one for summary judgment. *Davis v. HSBC Bank Nevada,*

3  *N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012) (citing *Hamilton Materials, Inc. v. Dow Chemical*

4  *Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007)). Here, the court does not consider the various

5  exhibits and appendices attached to the defendant's Motion to Dismiss, the plaintiff's Response,

6  and the defendant's Reply in order to reach its decision on the defendant's Motion to Dismiss.

7  Therefore, the court exercises its discretion and excludes those documents from review.

8    Although the running of a statute-of-limitations is an affirmative defense, a defendant

9  may move to dismiss based on the defense if the running of the limitations period is apparent on

10  the face of the complaint. *See Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)

11  ("[i]f the running of the statute is apparent on the face of the complaint, the defense may be

12  raised by a motion to dismiss"). "When a motion to dismiss is based on the running of the statute

13  of limitations, it can be granted only if the assertions of the complaint, read with the required

14  liberality, would not permit the plaintiff to prove that the statute was tolled." *Id. See e.g. Rengo*

15  *v. Cobane*, 2013 WL 5913371 (W.D. Wash. Nov. 4, 2013) (granting motion to dismiss § 1983

16  claims as time-barred when plaintiff failed to put forth any evidence of defendants' bad faith or

17  deception that would compel the court to apply equitable tolling); *Wilson v. Lehman*, 2005 WL

18  1802420 (W.D. Wash. July 27, 2005) (granting motion to dismiss), *aff'd* 224 F. App'x 707, 708

19  (9th Cir. 2007) (mem.) ("The district court properly dismissed Wilson's action because he did not

20  present any valid basis for equitable tolling.").

21                                **DISCUSSION**

22  A.    <u>Statute of Limitations</u>

23

24

25

REPORT AND RECOMMENDATION- 6

1       The Civil Rights Act, 42 U.S.C. § 1983, does not contain a statute of limitations. Federal

2   courts adopt the applicable limitation period under state law governing recovery of damages for

3   personal injury claims. *Wilson v. Garcia*, 471 U.S. 261, 267 (1985). For claims brought under §

4   1983 in the State of Washington, a three-year limitation period applies under Revised Code of

5   Washington 4.16.080. *Robinson v. Seattle*, 119 Wn.2d 34, 86, 830 P.2d 318, 347 (Wash. 1992),

6   *cert. denied* 506 U.S. 1028 (1992).

7       Plaintiff initiated this action on January 17, 2019. Dkt. 1. Therefore, to be within the

8   three-year limitation period, the events giving rise to the § 1983 claim in the complaint must

9   have occurred on or after January 17, 2016.

10      The plaintiff's arrest, during which defendant Cline allegedly used excessive force,

11  occurred on May 13, 2006, and the plaintiff had actual notice of the facts under which he is

12  bringing his § 1983 claim on that date. Dkt. 7, ¶¶ 8-10. Therefore, the statute of limitations

13  expired three years later, on May 16, 2009, nearly ten years before this action was filed.

14  Consequently, plaintiff's § 1983 claim is time-barred unless plaintiff can show he is entitled to

15  equitable tolling.

16  B.      Equitable Tolling

17      Federal courts apply the forum state's law regarding equitable tolling for actions arising

18  under 42 U.S.C. § 1983. *Jones v. R.R. Donnelley & Sons, Co.*, 541 U.S. 369, 377-78 (2004). In

19  Washington State, equitable tolling is applied "sparingly." *Trotzer v. Vig,* 149 Wn. App. 594,

20  607, 203 P.3d 1056, 1062 (Wash. Ct. App. 2009). In Washington, equitable tolling is permitted

21  when justice requires and where the predicates for equitable tolling are met. *In re Bonds*, 165

22  Wn.2d 135, 141, 196 P.3d 672, 676 (Wash. 2008) (citing *Millay v. Cam*, 135 Wn.2d 193, 955

23  P.2d 791 (Wash. 1998)). The predicates for equitable tolling are (1) bad faith, deception, or false

24

25

REPORT AND RECOMMENDATION- 7

1  assurances by the defendant and (2) the exercise of diligence by the plaintiff. *Id*. The defendant's

2  actions must have "induced plaintiff to delay commencing suit until the applicable statute of

3  limitations has expired." *Brandt v. Lehman*, 2008 WL 714099 (W.D. Wash. March 14, 2008).

4  The party asserting that equitable tolling applies bears the burden of proof. *Nickum v. City of*

5  *Bainbridge Island*, 153 Wn. App. 366, 379, 223 P.3d 1172, 1178 (2009).

6      Here, even under a liberal construction, the plaintiff fails to demonstrate his § 1983 claim

7  is eligible for equitable tolling. The plaintiff does not allege "bad faith, false assurances, or

8  deception by the defendant." *Millay v. Cam*, 135 Wn.2d 193, 955 P.2d 791 (Wash. 1998).

9  Plaintiff does not assert that defendant Cline himself made threats to the plaintiff's family, and

10  describes a generalized warning from his attorney that the police would retaliate against the

11  plaintiff if he testified in his own defense or about defendant Cline's conduct. Dkt. 7, Amended

12  Complaint at ¶ 15.

13      The plaintiff provides no insight into what information formed the basis of his attorney's

14  generalized warning, and the plaintiff does not allege any specific facts showing defendant Cline,

15  through bad faith, false assurances, or deception, induced the plaintiff to delay commencing his

16  suit until now. The plaintiff only alleges defendant Cline "should have known" he violated the

17  plaintiff's rights. Dkt. 7, Amended Complaint, ¶ 17.

18      In Washington, equitable tolling is also allowed "when justice requires," and "equitable

19  tolling is appropriate when consistent with both the purpose of the statute providing the cause of

20  action and the purpose of the statute of limitations." *Millay v. Cam*, 135 Wn.2d 193, 206, 955

21  P.2d 791, 797 (Wash. 1998) (quoting *Douchette v. Bethel Sch. Dist. No. 403*, 117 Wn.2d 805,

22  812 (Wash. 1995)).

23

24

25

REPORT AND RECOMMENDATION- 8

1    Washington courts have found that "justice requires" equitable tolling in limited

2  instances, including where the plaintiff failed to file within the limitations period due to

3  procedural deficiencies that were not caused by the plaintiff. However, this is a rare

4  circumstance. *E.g., Hahn v. Waddington*, 694 F. App'x 494 (9th Cir. 2017) (finding that because

5  the district court erred by dismissing instead of transferring venue to district where remaining

6  defendants resided, and by the time plaintiff received notice of dismissal, statute of limitations

7  had expired, plaintiff entitled to equitable tolling if he exercised due diligence); *In re Bonds*, 165

8  Wn.2d. 135, 144, 196 P.3d 672, 676-77 (Wash. 2008) (refusing to apply equitable tolling when

9  plaintiff alleged the court's inaction in reviewing the merits of his petition made a public trial

10  issue undiscoverable until after limitations period had run).

11    Plaintiff does not present any facts indicating that "justice requires" tolling the statute of

12  limitations for a claim brought nearly a decade after the limitations period expired. Plaintiff

13  makes a conclusory argument that his attorney warned him that he or his family might be

14  retaliated against by the police if he brought a claim against defendant Cline. However, plaintiff

15  offers nothing beyond his conclusory assertion to support this claim.

16    In sum, plaintiff's generalized claim of the possibility of police retaliation fails to present

17  a valid basis for equitable tolling. Granting equitable tolling in instances where a conclusory

18  allegation of a generalized threat is the basis for delaying the commencement of an action would

19  extend equitable tolling beyond "the narrowest of circumstances and where justice requires." *In*

20  *re Carter*, 172 Wn.2d. 917, 929, 263 P.3d 1241, 1248 (Wash. 2011) (en banc); s*ee Bell Atlantic*

21  *Corp. v. Twombly,* 550 U.S. 544, 545 (2007) (motion to dismiss should be granted where

22  allegations of complaint fail to "raise a right to relief above the speculative level.").

23

24

25

REPORT AND RECOMMENDATION- 9

1    Therefore, the plaintiff is not entitled to equitable tolling because he has failed to allege

2    any facts indicating "bad faith, false assurances, or deception by the defendant" that caused

3    plaintiff to miss filing within the limitations period, nor does plaintiff allege any facts indicating

4    "justice requires" equitable tolling. Because plaintiff has not satisfied the first requirement for

5    equitable tolling, the Court does not consider the second requirement of due diligence by the

6    plaintiff. Accordingly, the Court should grant defendant's Motion to Dismiss plaintiff's § 1983

7    claim and dismiss that claim with prejudice.

8    C.    Plaintiff's State Law Claims

9    In addition to his § 1983 claim, plaintiff also asserts defendant Cline violated Article I,

10    Section 3 and 14 of the Washington Constitution, and Washington State negligence laws. Dkt. 7,

11    ¶ 22. A district court has discretion over whether to exercise supplemental jurisdiction over state

12    law claims arising from the same set of operative facts that supports a federal claim. *See*

13    *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) (citing 28 U.S.C. §§ 1367(a),

14    (c)). Ordinarily, when a district court dismisses "all claims independently qualifying for the

15    exercise of federal jurisdiction," it will dismiss all related state claims, as well. *Artis v. District of*

16    *Columbia*, 138 S.Ct. 594 (2018) (citing 28 U.S.C. § 1367(c)) (2018).

17    Although the court is not required to dismiss the supplemental state law claims, "in the

18    usual case in which all federal-law claims are eliminated before trial, the balance of factors to be

19    considered under the pendent jurisdiction doctrine—judicial economy, fairness, convenience,

20    and comity—will point toward declining to exercise jurisdiction over the remaining state-law

21    claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

22    Here, the plaintiff's federal claim is time-barred by the statute of limitations. Upon

23    dismissal of that claim, there are no remaining federal issues for this Court to decide. Therefore,

24

25

REPORT AND RECOMMENDATION- 10

1    the Court recommends declining to exercise jurisdiction over the state law claims and dismissing

2    them without prejudice. However, the Court notes, without deciding, that the plaintiff's state law

3    negligence claim would likely be time-barred by the same analysis set forth above. *See*

4    discussion *supra* at p. 6-10.

5    D.       Leave to Amend

6         A district court should not dismiss a pro se complaint without leave to amend unless "it is

7    absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*

8    *v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood,* 846 F.2d 1202,

9    1203–04 (9th Cir. 1988) (per curiam) (internal quotation marks omitted). Leave to amend may be

10   denied, even if prior to a responsive pleading, if amendment of the complaint would be futile.

11   *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (citing *Schreiber Distributing Co. v. Serv–*

12   *Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). *See e.g*., *Deutsch v. Turner Corp.,* 324

13   F.3d 692, 717–18 (9th Cir. 2003) (upholding denial of leave to amend on the basis of futility

14   where the plaintiffs proffered facts to the district court that were insufficient to support tolling

15   and failed to offer additional facts on appeal).

16        Here, the plaintiff had an opportunity to amend his complaint before it was served on the

17   defendant. Dkt. 6. Neither the amended complaint nor the plaintiff's response to the defendant's

18   motion to dismiss allege that the defendant himself, through bad faith, deception, or false

19   assurances, induced the plaintiff to delay bringing this action. Dkts. 7, 14. It appears the plaintiff

20   is unable to remedy the deficiencies in the amended complaint and further amendment would be

21   futile. Therefore, leave to amend should be denied.

22                                        **CONCLUSION**

23

24

25

REPORT AND RECOMMENDATION- 11

1    For the above reasons, the undersigned recommends the Court grant the defendant's

2  Motion to Dismiss regarding plaintiff's federal claim with prejudice as barred by the statute of

3  limitations. Dkt. 12. The undersigned also recommends the Court decline to exercise

4  supplemental jurisdiction over the remaining state law claims alleged against defendant Cline

5  and dismiss those claims without prejudice.

6    The parties have **fourteen (14) days** from service of this Report and Recommendation to

7  file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file

8  objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474

9  U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is

10  directed set this matter for consideration on **August 9, 2019**, as noted in the caption.

11    Dated this 22nd day of July, 2019.

12

13

14                                         _Theresa L. Fricke_

                                           Theresa L. Fricke
15                                         United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

REPORT AND RECOMMENDATION- 12