HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME CEASAR ALVERTO,<br><br>        Plaintiff,<br><br>  v.<br><br>BRYAN DWAIN CLINE,<br><br>        Defendant. | CASE NO. 3:19-CV-05053-RBL<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>DKT. # 24 |

THIS MATTER is before the Court on Plaintiff Jerome Ceasar Alverto's Motion for Reconsideration. Dkt. # 24. The Court previously adopted Magistrate Judge Fricke's Report and Recommendation that this case be dismissed in its entirety with prejudice. Dkt. # 22. The justification for the dismissal was Alverto's failure to satisfy the 3-year statute of limitations for his excessive force claim (the incident occurred 13 years ago) and the decision not to exercise supplemental jurisdiction over Alverto's remaining state law claims. Dkt. # 18. Now, Alverto asks the Court to revise this decision and dismiss his claims without prejudice. According to Alverto, this is necessary because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) so the Court should not have reached the statute of limitations issue.

Pursuant to Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F.Supp.2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Alverto's argument does not meet the high bar for reconsideration. He does not explain why dismissal under *Heck* somehow trumps the statute of limitations issue or why his claims are in fact timely. Even if the Court were to do what Alverto asks, the same timeliness issue would only arise again if he re-filed. His Motion is therefore DENIED.

IT IS SO ORDERED.

Dated this 6th day of September, 2019.

_____
Ronald B. Leighton
United States District Judge